**ABRAMSON & MORAK**
ATTORNEYS AT LAW
75 MAIDEN LANE, SUITE 607
NEW YORK, NEW YORK 10038
www.abramsonmorak.com

ALAN M. ABRAMSON*
GLENN H. MORAK
MICHAEL MARINO

*MEMBER OF NEW YORK AND CONNECTICUT BARS

(212) 226-7098
FAX (212) 226-4559

December 6, 2024

Hon. Paul A. Engelmayer
United States District Court Judge
United States Courthouse
40 Foley Square
New York, New York 10007

**Re: United States v. Anthony Lisi 22 Cr. 482 (PAE)**

Dear Judge Engelmayer:

  Please accept this letter as a Motion respectfully requesting that this Honorable Court grant the defendant, Anthony Lisi, Early Termination of Probation. Mr. Lisi had previously pleaded guilty to Conspiracy to Commit Wire Fraud, pursuant to 18 U.S.C. 1349. Mr. Lisi was subsequently sentenced by Your Honor on January 31, 2023, to Probation for a term of two years, including a term of three months Home Confinement, 400 hours of Community Service, an Assessment in the amount of $100, Restitution in the amount of $90,521.25 and Forfeiture in the amount of $66,100.

  Mr. Lisi has paid the Restitution, Forfeiture and the Assessment ordered in his case. Within the first year of his supervision, Mr. Lisi completed his term of 400 hours of Community Service as a member of a local ambulance service. Following the completion of his Community Service, Mr. Lisi has continued volunteering multiple times a week: on Mondays volunteering at a Food Pantry and on Tuesdays at Special Strides, where Mr. Lisi assists special needs children with equine-assisted therapy.

  As stated above Mr. Lisi was sentenced on January 31, 2023 and has thus far completed 22 months of his 24 month term of Probation. Mr. Lisi's Probation is assigned to the Southern District of New York, however, as a New Jersey resident, Mr. Lisi reports electronically to Probation in New Jersey. While early on in his period of Home Detention, there were three visits conducted at his home to confirm his living situation, since then Mr. Lisi has not had any contact with any officers of Probation in either New York or New Jersey. Mr. Lisi has indicated that he has been in full compliance in all areas of supervision.

  Prior to the filing of this letter, we attempted to contact officers in both Probation offices

in New Jersey and the Southern District of New York and could not speak to anyone who specifically knew Mr. Lisi or would be able to take a position on this request for early termination. We have also provided this letter to Assistant United States Attorney Michael Neff prior to submission and requested the Government's position. After he conferred with the supervising Probation Officer in New Jersey, AUSA Neff stated that "The Government has no objection to the defendant's request. If useful, the Government notes that it conferred with the supervising Probation Officer in DNJ, who advised (in sum and substance) that: Mr. Lisi is in full compliance with the conditions of supervised release; Mr. Lisi's current reporting obligation is once per month electronically; Mr. Lisi has one electronic report date left before supervision is set to terminate in January; and the Probation Office for the District of New Jersey will only take a position on a motion if the Court (as opposed to counsel) requests their position."

This Court is authorized to consider a defendant's request under 18 U.S.C. 3564(c). The Court may terminate the term of Probation following the expiration of one year in the case of a felony if the Court is satisfied that such action is warranted by the conduct of the defendant and in the interest of justice after considering the factors set forth in 18 U.S.C. 3553(a). The 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate specific and general deterrence to criminal conduct, to protect the public from further crimes of the defendant to provide the defendant with needed medical, education or vocational training.

As examined in detail during Mr. Lisi's sentencing, the crime at issue was serious, however, an out of character act for Mr. Lisi when compared to his life of good deeds and public service. As highlighted by Your Honor, specific deterrence and the need to protect society from future criminal behavior was not an issue for Mr. Lisi. See pages 62 - 64 of the Sentencing Minutes. Specifically, Your Honor stated, "The public has nothing to fear from your being at liberty and nothing to gain from your being in prison." Sentencing Minutes page 64. Additionally, when examining Mr. Lisi's history and characteristics, Your Honor referred to Mr. Lisi as decorated and heroic and described the offense as anomalous and "the very definition of an aberrational offense." Sentencing minutes page 64. Further, his life was described as one of "admirable service and sacrifice, commitment, and decency and bravery, and on a scale that few in our community, let alone few among the community of criminal defendants in this district, can match." Sentencing minutes pages 64 - 65.

As illustrated above, Mr. Lisi has satisfied all factors set forth in qualifying for early termination of Probation. He has completed his 400 hours of Community Service in prompt fashion and has been on Probation for over a year. He has paid back all of his financial obligations of his sentence and has not violated any of the terms of the sentence. He has no need for any education, treatment or special programs as provided by the Probation Department and completes his electronic check-ins as required. His supervision has been conducted without incident. He has had no other contact with the criminal justice system besides this case.

Mr. Lisi was sentenced with the totality of his life being considered, not just the moment of aberrant criminal conduct that he committed. He has faced the consequences for his crime. The only issue that Mr. Lisi is facing is his current difficulty in seeking opportunities to train law

enforcement personnel. As discussed at his sentencing, his felony conviction has ended certain avenues for training opportunities that Mr. Lisi once had, however he is hopeful that he may be able to take on other training roles. Terminating Mr. Lisi's Probation would allow him to explore the possibility to once again use his knowledge and experience to train young officers and emergency staff. Although we acknowledge that the opportunity to do so may be remote, Mr. Lisi would like to examine these prospects, however, to do so while on supervision will greatly decrease his opportunity to be successful in this area.

Mr. Lisi, as he has done throughout his life, has gone above and beyond the requirements of his supervision. He remains a value membered of his family and his local community via his volunteer work. He has a stable home life and support system. As identified during his sentencing and in this letter, he is a well-qualified candidate for early termination based on the section 3553(a) factors. Given his success on Probation and his life's work prior to his conviction, we are respectfully requesting that the Court order that his term of Probation be terminated under 18 U.S.C. 3564.

Thank you for your consideration of this request.

Very truly yours,

*Alan M. Abramson*

Alan M. Abramson

The Court **GRANTS** the motion for early termination of probation. The probation term is terminated effective today. The Court wishes Mr. Lisi well. The Clerk of Court is requested to terminate the motion at Dkt. No. 27.

12/9/2024

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

cc.: AUSA Michael Neff